**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2158**

PATRICIA MASCONE,

             Plaintiff - Appellant,

      v.

AMERICAN PHYSICAL SOCIETY, INCORPORATED,

             Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Roger W. Titus, District Judge.  (1:07-
cv-00966-RWT)

Submitted:  November 3, 2010        Decided:  December 10, 2010

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Jeanette Rice, WALSH BECKER MOODY & RICE, Bowie, Maryland,
for Appellant.   Deborah Murrell Whelihan, JORDAN, COYNE &
SAVITS, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Mascone appeals the district court's order granting summary judgment to American Physical Society, Inc. ("APS"), and the court's order denying reconsideration of her claims alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and striking portions of an affidavit she submitted in opposition to summary judgment. We review the district court's order granting summary judgment de novo. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc). In doing so, we generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Finding no reversible error, we affirm.

First, Mascone contends that the district court erred by granting summary judgment to APS on the wrongful termination claim. A plaintiff can defeat summary judgment by either of two avenues: (a) through direct or circumstantial evidence that sex discrimination motivated the decision to terminate her, or (b) through the burden-shifting scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973). See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004)(en banc).

Because Mascone has failed to demonstrate, through either direct or circumstantial evidence, that her employer used

2

a forbidden consideration with respect to any employment practice, her attempts to defeat summary judgment through the first avenue of proof fail. In order for Mascone to succeed on her wrongful termination claim under the burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973), she must establish that:

> (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc). If Mascone establishes a prima facie case, she is entitled to an inference of discrimination that can be rebutted if the employer articulates a legitimate, nondiscriminatory reason for its actions. See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000). "[T]he burden [then] shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Hill, 354 F.3d at 285 (quoting Reeves, 530 U.S. at 143).

Assuming *arguendo* that Mascone established a prima facie case, she failed to show that APS' proffered reasons for her dismissal were pretextual. Dr. Alan Chodos hired Mascone to

3

serve as APS' Special Publications manager. Chodos extended Mascone's probationary period due to her numerous performance deficiencies, chief among them her inability to manage her staff effectively and her poor work product and time management. When Chodos terminated Mascone, the rationale for the dismissal was consistent with the deficiencies supporting the extension of her probation. Mascone simply failed to proffer sufficient evidence to suggest that APS' reasons for terminating her were pretextual.

Although Mascone suggests that Chodos did not support her in handling difficult employees, Chodos permitted her to include written disciplinary reports in two employees' records, and both employees resigned, in part, because they felt Chodos and Joseph Ignacio, the Director of Human Resources, always sided with Mascone. Mascone also points to an alleged statement from Dr. Judith Franz, APS' Executive Officer, that she (Mascone) needed to be more calm, sensitive, and feminine in her management style. However, that remark alone is insufficient to establish pretext. See Holland v. Wash. Homes, Inc., 487 F.3d 208, 215 (4th Cir. 2007) ("[A] key factor for courts to consider [in determining whether an employer's reasons were pretextual] is 'the probative value of the proof that the employer's explanation is false.'") (quoting Reeves, 530 U.S. at 149). Accordingly, we conclude that the district court did not err in

4

granting summary judgment on Mascone's wrongful termination claim.

Next, Mascone argues that the district court erred in rejecting her pre-termination, gender-based disparate treatment claim. Her claim centered on the contention that she was treated differently than Dr. Theodore Hodapp, a co-worker. Our review of the record leads us to conclude that the district court correctly found Mascone could not establish a prima facie case because Mascone and Dr. Theodore Hodapp were not similarly situated. See Lightner v. City of Wilmington, 545 F.3d 260, 265 (4th Cir. 2008) (rejecting disparate discipline claim where plaintiff could not show he was similarly situated to other disciplined employee). Thus, the district court did not err in rejecting this claim.

Mascone also challenges the district court's grant of summary judgment on her mixed-motive claim. To prove a mixed-motive claim under Title VII, Mascone must show that gender was a motivating factor in her termination. See Hill, 354 F.3d at 284. Although Mascone relies primarily on Franz's statement that Mascone should adopt a more sensitive and caring management style, there is no evidence that Franz, herself a female, communicated this critique to Chodos. Moreover, Mascone did not show that "the protected trait . . . actually motivated the employer's decision." Reeves, 530 U.S. at 141 (internal

5

quotation marks omitted). We therefore conclude that the district court correctly granted summary judgment on this claim.

Mascone next asserts that the district court erred in granting summary judgment on her retaliation claim. Essentially, Mascone contends that she was given negative references in retaliation for engaging in protected activity. Mascone's claim centered upon the statements that Ignacio and Chodos gave to Global Verification Services ("GVS"), a company Mascone hired to contact APS pretending to be a potential employer. In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer took a materially adverse action against her; and (3) there is a causal connection between the protected activity and the adverse action. King v. Rumsfeld, 328 F.3d 145, 150-51 (4th Cir. 2003). To satisfy the second element, Mascone must show that a reasonable employee would have found the challenged action materially adverse, meaning that the action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006)(quotation omitted).

With this standard in mind, we conclude that the district court properly granted summary judgment on Mascone's retaliation claim. Ignacio provided only neutral information in

6

response to the GVS inquiry and, while Chodos disclosed the reasons that APS terminated Mascone, his comments were truthful. Cf. Szymanski v. County of Cook, 468 F.3d 1027, 1029 (7th Cir. 2006)(stating that to show adverse action in the context of negative references, plaintiff must demonstrate under an objective standard, "the dissemination of false reference information that a prospective employer would view as material to its hiring decision"). Thus, the district court did not err in rejecting this claim.

Finally, Mascone contends that the district court improperly granted the motion to strike portions of her voluminous affidavit. We consistently have enforced the requirements set forth in Fed. R. Civ. P. 56(e), and affirmed a district court's ability to strike affidavits that do not comply with that rule. See, e.g., Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). Our review of the record leads us to conclude that the district court did not abuse its discretion in striking a portion of the affidavit. Id. (stating standard of review).

Accordingly, we affirm the district court's orders granting summary judgment and denying reconsideration. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED